IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| IN RE:<br>LUNIEWICZ-MARTINS, JENNIFER A<br><br>Debtor(s) | CHAPTER 7 CASE<br><br>CASE NO. 06-72317 MB<br><br>Judge MANUEL BARBOSA |

## TRUSTEE'S FINAL REPORT

To:   THE HONORABLE MANUEL BARBOSA, BANKRUPTCY JUDGE FOR THE UNITED STATES BANKRUPTCY COURT, NORTHERN DISTRICT OF ILLINOIS, WESTERN DIVISION

NOW COMES STEPHEN G. BALSLEY, Trustee herein, and respectfully submits to the Court and to the United States Trustee his Final Report and Account in accordance with 11 U.S.C. §704(9).

1.   The Petition commencing this case was filed on 12/07/06. The Trustee was appointed on 12/07/06. The Trustee's bond in this case is included as part of the Trustee's blanket bond.

2.   The Trustee certifies that he has concluded the administration of this estate and has performed the duties enumerated in Section 704 of the Bankruptcy Code. The nonexempt assets of the estate have either been converted to cash, disposed of under orders of this Court, or are sought to be abandoned by the Trustee; there is no other property belonging to the estate; there are no matters pending or undetermined; claims have been reviewed; and all claim objections have been resolved to the best of the Trustee's knowledge. The Trustee certifies that this estate is ready to be closed. The tasks performed by the Trustee are set forth on Exhibit A.

3.   The disposition of estate property is set forth in Exhibit B. The scheduled value of property abandoned is 0.00. The property abandoned, or sought to be abandoned, along with the reasons for such abandonment, is described in Exhibit B.

4.   A summary of the Trustee's Final Report as of February 19, 2008 is as follows:

   a.   RECEIPTS (See Exhibit C)                           $         2,501.21

   b.   DISBURSEMENTS (See Exhibit C)                      $             0.00

   c.   NET CASH available for distribution                $         2,501.21

   d.   TRUSTEE/PROFESSIONAL COSTS

      1.    Trustee compensation requested (See Exhibit F)    $    625.30
      2.    Trustee Expenses (See Exhibit F)    $    0.00
      3.    Compensation requested by attorney or other professionals for trustee (See Exhibit F-1)    $    3,278.25

    e.    Illinois Income Tax for Estate (See Exhibit G)    $    0.00

5. The Bar Date for filing unsecured claims expired on.

6. All claims filed in this case with the Clerk of the Bankruptcy Court have been reviewed by the Trustee. The actual dollar amount of claims allowed and/or requested for this estate is as follows:

    a.    Allowed unpaid secured claims    $    0.00

    b.    Chapter 7 Administrative and 28 U.S.C. §1930 claims    $    4,153.55

    c.    Allowed Chapter 11 Administrative Claims    $    0.00

    d.    Allowed priority claims    $    0.00

    e.    Allowed unsecured claims    $    29,263.79

    f.    Surplus return to debtor    $    0.00

7. Trustee proposes that unsecured creditors receive a distribution of 0.00% of allowed claims.

8. Total fees and expenses previously awarded to Trustee's counsel, accountant or other professional was $0.00. Trustee's attorneys, accountants, or other professionals fees and expenses requested but not yet allowed is $3,278.25. The total of Chapter 7 professional fees and expenses requested for final allowance is $3,278.25.

9. A fee of $201.00 was paid to Debtor's counsel for services rendered in connection with this case, and no basis appears to request an examination of those fees pursuant to 11 U.S.C. §329.

WHEREFORE, the Trustee certifies under penalty of perjury that the above statements are true and correct and requests the Court to provide for notice and a hearing pursuant to 11 U.S.C. §§330(a), 502(b) and 503(b). The Trustee further requests that the Court award final compensation and reimbursement of expenses and make final allowances of the administrative claims and expenses stated in this Report and for such other relief as the Court shall deem proper.

RESPECTFULLY SUBMITTED:

DATE:   February 19, 2008                /s/Stephen G. Balsley
                                         STEPHEN G. BALSLEY
                                         6833 STALTER DRIVE
                                         ROCKFORD, IL 61108
                                         (815) 962-6611

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| IN RE:<br>LUNIEWICZ-MARTINS, JENNIFER A<br><br>Debtor(s) | CASE NO. 06-72317 MB<br><br>Judge MANUEL BARBOSA |

## DISTRIBUTION REPORT

I, **STEPHEN G. BALSLEY**, Trustee herein, certify that I have reviewed all claims filed with the Clerk of the Bankruptcy Court and have examined all orders of Court, and state that based on my review I propose to make the following distribution:

### SUMMARY OF DISTRIBUTION:

| | |
|---|---|
| Secured Claims | $ 0.00 |
| Chapter 7 Administrative Expenses: | $ 2,501.21 |
| Chapter 11 Administrative Expenses: | $ 0.00 |
| Priority Claims (507(a)(1)(B)-(a)(7)): | $ 0.00 |
| Secured Tax Liens: | $ 0.00 |
| Priority Tax Claims (507(a)(8)): | $ 0.00 |
| Priority Claims (507(a)(9)-(a)(10)): | $ 0.00 |
| General Unsecured Claims: | $ 0.00 |
| **TOTAL AMOUNT TO BE DISTRIBUTED:** | $ 2,501.21 |

The balance on hand shown above should be distributed in accordance with 11 U.S.C. §726 as follows:

a. $2,501.21 for Chapter 7 administrative expenses allowed under §503(b) and fees under Chapter 123 of Title 28, not previously disbursed, including the Trustee compensation and reimbursement requests equaling 76.297% as follows:

| CLAIM NUMBER | CREDITOR | ALLOWED REQUESTED | PROPOSED ALLOWANCE |
|---|---|---|---|
| | Stephen G. Balsley, Trustee Fees | 625.30 | 376.55 |
| | Clerk of the United States Bankruptcy Court Filing Fee for Adversary Proceeding | 250.00 | 150.55 |
| | Stephen G. Balsley, Attorney for Trustee | 3,278.25 | 1,974.11 |
| | TOTAL | $ | 2,501.21 |

d. $0.00 for general unsecured creditors who have filed claims allowed in the total amount of $29,263.79, yielding a dividend of 0.00% plus interest, as itemized below:

| TYPE OF CLAIMS | TOTAL AMOUNT OF CLAIMS | FINAL DIVIDEND % |
|---|---|---|
| §726(a)(2) - General Claims (To be paid pro-rata after costs of administration and priority claims are paid in full) | $29,263.79 | 0.00% |

| CLAIM NUMBER | CREDITOR | ALLOWED REQUESTED | PROPOSED ALLOWANCE |
|---|---|---|---|
| 1 | Sallie Mae | 14,926.78 | 0.00 |
| 2 | Roundup Funding, LLC (Target National Bank) | 132.08 | 0.00 |
| 3 | Ford Motor Credit Company | 6,005.71 | 0.00 |
| 4 | Ford Motor Credit Company | 8,059.60 | 0.00 |
| 5 | Americollect, Inc. | 139.62 | 0.00 |
| | TOTAL | $ | 0.00 |

WHEREFORE, the Trustee certifies under penalty of perjury that the above statements are true and correct.

DATED:   February 19, 2008        /s/Stephen G. Balsley
                                  STEPHEN G. BALSLEY, Trustee

## PROFESSIONAL FEES AND EXPENSES

|  | Fees Previously Allowed | Fees Pending Compensation Applications | Fees & Expenses Total |
|---|---|---|---|
| Stephen G. Balsley, Trustee | $ 0.00 | $ 376.55 | $ 625.30 |
| Stephen G. Balsley, Attorney for Trustee | $ 0.00 | $ 1,974.11 | $ 3,278.25 |
| **TOTALS** | **$ 0.00** | **$ 2,350.66** | **$ 2,350.66** |

## EXHIBIT A

## TASKS PERFORMED

### JENNIFER A. LUNIEWICZ-MARTINS
### CHAPTER 7 BANKRUPTCY CASE NO. 06-72317

At the Section 341 Meeting of Creditors, the Debtor testified that she lived in a residence solely owned by her husband and that her husband was in prison. The Trustee confirmed the ownership of the property with the Stephenson County, Illinois Recorder's Office.

The Debtor also testified that she expected to receive a $3,000.00 income tax refund for the year 2006 and a $6,000.00 income tax refund for the year 2007. The Trustee instructed the Debtor not to spend the money upon receipt, since one-half of the proceeds appear to be property of the bankruptcy estate. The Trustee confirmed these instructions to the Debtor through her counsel.

The Trustee made repeated requests on the Debtor to provide copies of the income tax returns. When the Debtor failed to do so, the Trustee obtained an Order to conduct a Rule 2004 Examination of the Debtor and to require the income tax returns.

Prior to the Rule 2004 Examination, the attorney for the Debtor provided the Trustee with a copy of the 2006 income tax return, but indicated that other income tax returns were being held up because of the Debtor's failure to file a 2003 income tax return. The Debtor assured the Trustee that upon the income tax returns being filed, the Trustee would be provided copies.

On July 24, 2007, the Trustee was informed that the Debtor had received income tax refunds for the years 2003, 2004, 2005 and 2006 in the sum of $12,033.19, but had spent all of the money.

The Trustee demanded the Debtor turnover to the Trustee a sum equaling the Debtor's one-half interest in those returns, which would be $6,016.60. On August 2, 2007, the Rule 2004 Examination proceeded at which time the Debtor testified although she did not remember the Trustee telling her she needed to pay one-half of the money to the bankruptcy estate, nor did she remember her attorney telling her the same thing, she did state that she knew she was told not to cash the checks. Notwithstanding those instructions, she cashed the checks and used the bulk of the funds to catch-up on mortgage payments of her husband's house in which she resides in.

The Trustee has subsequently filed an adversary proceeding to revoke the Discharge of the Debtor when she refused to provide turnover of any part of the income tax refund. Eventually, the Debtor filed amended claims to exemptions which consumed substantially all of the refunds. The Trustee then entered into a settlement agreement requiring the Debtor to pay to the bankruptcy estate the sum of $2,500.00 in exchange for dismissal of the Complaint to Revoke Discharge. Notice was sent to creditors, and the adversary proceeding dismissed on February 11, 2008.

There are no funds available for distribution to creditors. There are insufficient funds to pay all of the administrative expenses. The administrative expenses are proposed to be paid to the extent of approximately 76%.

SGB:vcg

**EXHIBIT B**

# Form 1
## Individual Estate Property Record and Report
## Asset Cases

Page: 1

| Case Number: | 06-72317 MB | Trustee: (330410) STEPHEN G. BALSLEY |
| --- | --- | --- |
| Case Name: | LUNIEWICZ-MARTINS, JENNIFER A | Filed (f) or Converted (c): 12/07/06 (f) |
| | | §341(a) Meeting Date: 01/11/07 |
| Period Ending: | 02/19/08 | Claims Bar Date: |

| Ref. # | 1<br>Asset Description<br>(Scheduled And Unscheduled (u) Property) | 2<br>Petition/<br>Unscheduled<br>Values | 3<br>Estimated Net Value<br>(Value Determined By Trustee,<br>Less Liens, Exemptions,<br>and Other Costs) | 4<br>Property<br>Abandoned<br>OA=§554(a) abandon.<br>DA=§554(c) abandon. | 5<br>Sale/Funds<br>Received by<br>the Estate | 6<br>Asset Fully<br>Administered (FA)/<br>Gross Value of<br>Remaining Assets |
| --- | --- | --- | --- | --- | --- | --- |
| 1 | Unscheduled income tax refunds (u) | Unknown | 2,500.00 | | 2,500.00 | FA |
| 2 | 4995 North Stagecoach Trail, Lena, IL | 90,000.00 | 0.00 | DA | 0.00 | FA |
| 3 | Cash | 5.00 | 0.00 | DA | 0.00 | FA |
| 4 | Checking account (W) | Unknown | 0.00 | DA | 0.00 | FA |
| 5 | Savings account - Citizen's State Bank (J) | 15.00 | 0.00 | DA | 0.00 | FA |
| 6 | Savings Christmas Club - Fifth Third Bank (W) | 200.00 | 0.00 | DA | 0.00 | FA |
| 7 | Savings account - Citizen's State Bank (H) | 0.53 | 0.00 | DA | 0.00 | FA |
| 8 | Security deposit - Com Ed | 450.00 | 0.00 | DA | 0.00 | FA |
| 9 | Household goods and furnishings | 500.00 | 0.00 | DA | 0.00 | FA |
| 10 | Books, pictures (included in household goods) | 0.00 | 0.00 | DA | 0.00 | FA |
| 11 | Clothing | 100.00 | 0.00 | DA | 0.00 | FA |
| 12 | IMRF - through employment | 14,000.00 | 0.00 | DA | 0.00 | FA |
| 13 | 1989 Mercedes 180 | 50.00 | 0.00 | DA | 0.00 | FA |
| 14 | 1992 Toyota Seleca | 50.00 | 0.00 | DA | 0.00 | FA |
| 15 | 1988 Ford Ranger | 50.00 | 0.00 | DA | 0.00 | FA |
| 16 | 1976 Ford One-Ton Truck | 50.00 | 0.00 | DA | 0.00 | FA |
| 17 | 1991 GMC Van | 500.00 | 0.00 | DA | 0.00 | FA |
| 18 | 1989 Chevrolet Suburban | 300.00 | 0.00 | DA | 0.00 | FA |

# Form 1
## Individual Estate Property Record and Report
## Asset Cases

Page: 2

| Case Number: | 06-72317 MB | Trustee: (330410) STEPHEN G. BALSLEY |
|---|---|---|
| Case Name: | LUNIEWICZ-MARTINS, JENNIFER A | Filed (f) or Converted (c): 12/07/06 (f) |
| | | §341(a) Meeting Date: 01/11/07 |
| Period Ending: | 02/19/08 | Claims Bar Date: |

| Ref. # | 1<br>Asset Description<br>(Scheduled And Unscheduled (u) Property) | 2<br>Petition/<br>Unscheduled<br>Values | 3<br>Estimated Net Value<br>(Value Determined By Trustee,<br>Less Liens, Exemptions,<br>and Other Costs) | 4<br>Property<br>Abandoned<br>OA=§554(a) abandon.<br>DA=§554(c) abandon. | 5<br>Sale/Funds<br>Received by<br>the Estate | 6<br>Asset Fully<br>Administered (FA)/<br>Gross Value of<br>Remaining Assets |
|---|---|---|---|---|---|---|
| 19 | Misc. saddles and bridles | 200.00 | 0.00 | DA | 0.00 | FA |
| 20 | 25 horses worth approximately $50 per horse | 1,250.00 | 0.00 | DA | 0.00 | FA |
| 21 | Various bales of hay and grain | 100.00 | 0.00 | DA | 0.00 | FA |
| 22 | Riding lawn mower | 50.00 | 0.00 | DA | 0.00 | FA |
| Int | INTEREST (u) | Unknown | N/A | | 1.21 | FA |
| 23 | Assets    Totals (Excluding unknown values) | $107,870.53 | $2,500.00 | | $2,501.21 | $0.00 |

**Major Activities Affecting Case Closing:**

**Initial Projected Date Of Final Report (TFR):** August 31, 2007        **Current Projected Date Of Final Report (TFR):** February 19, 2008 (Actual)

Printed: 02/18/2008 01:36 PM    V.10.03

EXHIBIT
C

Page: 1

# Form 2
## Cash Receipts And Disbursements Record

| Case Number: | 06-72317 MB | | Trustee: | STEPHEN G. BALSLEY (330410) |
|---|---|---|---|---|
| Case Name: | LUNIEWICZ-MARTINS, JENNIFER A | | Bank Name: | JPMORGAN CHASE BANK, N.A. |
| | | | Account: | ***-*****44-65 - Money Market Account |
| Taxpayer ID #: | 13-7584641 | | Blanket Bond: | $1,500,000.00 (per case limit) |
| Period Ending: | 02/19/08 | | Separate Bond: | N/A |

| 1<br>Trans.<br>Date | 2<br>{Ref #} /<br>Check # | 3<br>Paid To / Received From | 4<br>Description of Transaction | T-Code | 5<br>Receipts<br>$ | 6<br>Disbursements<br>$ | 7<br>Money Market<br>Account Balance |
|---|---|---|---|---|---|---|---|
| 01/03/08 | {1} | Jennifer Luniewicz-Martins | Payment for income tax refunds | 1224-000 | 2,500.00 | | 2,500.00 |
| 01/31/08 | Int | JPMORGAN CHASE BANK, N.A. | Interest posting at 0.3000% | 1270-000 | 0.89 | | 2,500.89 |
| 02/18/08 | Int | JPMORGAN CHASE BANK, N.A. | Current Interest Rate is 0.3000% | 1270-000 | 0.32 | | 2,501.21 |
| 02/18/08 | | To Account #********4466 | Transfer funds from MMA to checking account | 9999-000 | | ! 2,501.21 | 0.00 |
| | | | **ACCOUNT TOTALS** | | 2,501.21 | 2,501.21 | $0.00 |
| | | | Less: Bank Transfers | | 0.00 | 2,501.21 | |
| | | | **Subtotal** | | 2,501.21 | 0.00 | |
| | | | Less: Payments to Debtors | | | 0.00 | |
| | | | **NET Receipts / Disbursements** | | **$2,501.21** | **$0.00** | |

{} Asset reference(s)    !-Not printed or not transmitted    Printed: 02/18/2008 01:36 PM    V.10.03

## Form 2
## Cash Receipts And Disbursements Record

Page: 2

| Case Number: | 06-72317 MB |
|---|---|
| Case Name: | LUNIEWICZ-MARTINS, JENNIFER A |
| Taxpayer ID #: | 13-7584641 |
| Period Ending: | 02/19/08 |

| Trustee: | STEPHEN G. BALSLEY (330410) |
|---|---|
| Bank Name: | JPMORGAN CHASE BANK, N.A. |
| Account: | ***-*****44-66 - Checking Account |
| Blanket Bond: | $1,500,000.00  (per case limit) |
| Separate Bond: | N/A |

| 1<br>Trans.<br>Date | 2<br>{Ref #} /<br>Check # | 3<br>Paid To / Received From | 4<br>Description of Transaction | T-Code | 5<br>Receipts<br>$ | 6<br>Disbursements<br>$ | 7<br>Checking<br>Account Balance |
|---|---|---|---|---|---|---|---|
| 02/18/08 | | From Account #********4465 | Transfer funds from MMA to checking account | 9999-000 ! | 2,501.21 | | 2,501.21 |
| | | | ACCOUNT TOTALS | | 2,501.21 | 0.00 | $2,501.21 |
| | | | Less: Bank Transfers | | 2,501.21 | 0.00 | |
| | | | Subtotal | | 0.00 | 0.00 | |
| | | | Less: Payments to Debtors | | | 0.00 | |
| | | | NET Receipts / Disbursements | | $0.00 | $0.00 | |

| TOTAL - ALL ACCOUNTS | Net Receipts | Net Disbursements | Account Balances |
|---|---|---|---|
| MMA # ***-*****44-65 | 2,501.21 | 0.00 | 0.00 |
| Checking # ***-*****44-66 | 0.00 | 0.00 | 2,501.21 |
| | $2,501.21 | $0.00 | $2,501.21 |

() Asset reference(s)   !-Not printed or not transmitted   Printed: 02/18/2008 01:36 PM   V.10.03